UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81219-CIV-DIMITROULEAS

SLAVKO GRGURIC and
G&G HOSPITALITY, LLC

      Plaintiffs,

vs.

THE LITTLE MERMAID SOUTH, INC.
and VINCENT CHERRIX,

      Defendants.

_____/

## FINAL ORDER OF DISMISSAL; REMANDING CASE
## FOR LACK OF JURISDICTION

THIS CAUSE is before the Court upon the Defendants' Response to this Court's Order to

Show Cause, filed herein on April 2, 2008. [DE-31].  The Court has carefully considered the

Response, the entire case file, and is otherwise fully advised in the premises.

Plaintiffs originally filed their action in the Circuit Court of the Seventeenth Judicial

Circuit in and for Broward County, Florida, Case No. 07-31635.  Defendants removed the action

pursuant to 28 U.S.C. Section 1446 on December 27, 2007 based on diversity jurisdiction under

28 U.S.C. § 1332. [DE-1].  Plaintiff Slavko Grguric is an individual that resides in Broward

County, Florida.  Plaintiff G & G Hospitality, LLC is a Florida Limited Liability Company.

Defendant Vincent Cherrix is a resident of Pennsylvania.  However, the parties' pleadings

indicate that the Defendant, The Little Mermaid South, Inc., though administratively dissolved, is

a Florida corporation that had a place of business in Broward County, Florida.

Federal courts are courts of limited jurisdiction.  See Kokkonen v. Guardian Life Ins. Co.

of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.

1994). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also, 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. With respect to diversity of citizenship cases under 28 U.S.C. § 1332(a), subject matter jurisdiction exists only where there is complete diversity; all plaintiffs must be diverse from all defendants. See e.g., Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1337 (11th Cir. 2002). In addition, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

In light of the apparent lack of diversity, this Court issued an Order to Show Cause on March 20, 2008, requiring Defendants to show cause why the case should not be remanded for lack of diversity. [DE-30]. Defendants responded on April 2, 2008 [DE-31], indicating that though Defendant Little Mermaid South, Inc. was a Florida corporation, it was dissolved in 2004. They pointed to American National Bank of Jacksonville v. Jennings Dev'ment, Inc., 432 F. Supp. 151, 152 (M.D. Fla. 1977) to support the removal. In American National, the Florida citizenship of a corporation, dissolved for thirteen days at the time the action commenced, was ignored for purposes of diversity jurisdiction. Am. Nat'l Bank of Jacksonville v. Jennings Dev., Inc., 432 F. Supp. 151, 152 (M.D. Fla. 1977). The court in American National Bank indicated that under Florida law, when a corporation is dissolved, the directors become trustees. Id. at 152 (citing Fla. Stat. § 607.301(1)). However, remedial claims against the corporation could continue

2

and thus be defended by the directors in the name of the corporation. Id. (citing Fla. Stat. 607.297). Service of process though was to be made upon one of the directors as trustee of the corporation. Id. (citing Fla. Stat. § 48.101). The court found that in reality therefore, the actions were brought against the corporation's representatives in the form of the directors-trustees. Id. Relying on this holding, Defendants contend that the case in reality is only being brought against Defendant Cherrix, a Pennsylvania resident. Thus, the diversity of citizenship between Plaintiffs, Florida citizens, and Defendant Cherrix, provides diversity jurisdiction. However, Defendants fail to acknowledge that the statutes cited in American National have since been repealed, and there remain no similar laws providing that directors of a dissolved corporation become trustees. See Fla. Stat. § 607.301(1) (repealed by Laws 1989, c. 89-154, § 166, eff. July 1, 1990; Laws 1990, c. 90-179, § 189, eff. July 1, 1990); Fla. Stat. § 607.297 (repealed by Laws 1989, c. 89-154, § 166, eff. July 1, 1990; Laws 1990, c. 90-179, § 189, eff. July 1, 1990); Fla. Stat. § 48.101 (service of process against directors as trustees only applies to corporations dissolved before 1990, while service against any other dissolved corporation is in accordance with Fla. Stat. § 48.081 which provides for service as on any corporation).

A dissolved corporation may be sued if so permitted under the law of the state of incorporation. Fed. R. Civ. P. 17(b). "In particular, state corporate law determines the suability of a dissolved corporation . . .." Ripalda v. Am. Operations Corp., 977 F.2d 1464, 1468 (D.C. Cir. 1992) (citing Okla. Natural Gas Co. v. Oklahoma, 273 U.S. 257, 260 (1927) (capacity of dissolved corporation depends upon the corporate laws enacted by the state that brought the corporation into being)). Little Mermaid South is a Florida corporation and "[u]ndisputably, Florida law permits an aggrieved party to sue a dissolved corporation." Samples v. Conoco, Inc.,

165 F. Supp. 2d 1303, 1319 (N.D. Fla. 2001) (citing Fla. Stat. § 607.1405(2)(e) (dissolution of corporation does not prevent commencement of proceeding against it)); <u>Ron's Quality Towing, Inc. v. Southeastern Bank of Florida</u>, 765 So.2d 134, 135 (Fla. 1st DCA 2000)); <u>see also</u>, Fla. Stat. § 607.1407 (unknown claims against dissolved corporation barred unless commenced within 4 years).  Furthermore, Florida Statute section 607.1405 provides that a "dissolved corporation continues its corporate existence but may not carry on any business except" for the provided enumerated provisions.  Fla. Stat. § 607.1405(1).

In <u>Samples</u>, the Northern District of Florida found that a dissolved corporation was not fraudulently joined as a dissolved corporation may be sued, the plaintiffs intended to obtain a judgment against it, and the defendants did not dispute that there was a colorable claim against the corporation.  <u>Samples</u>, 165 F. Supp. 2d at 1319-20.  The court therefore held that diversity jurisdiction did not exist, as the dissolved corporation was a non-diverse defendant.  <u>Id.</u> at 1320. Also on point, the Court of Appeals for the D.C. Circuit, though applying Delaware law, has indicated that when a state statute provides for a dissolved corporation to continue to exist for purposes of prosecuting and defending suits for three years, to hold that its citizenship in that state does not persist for purposes of diversity jurisdiction would "frustrate that State's purpose of facilitating the resolution of claims by and against the corporation and would serve no federal interest." <u>Ripalda</u>, 977 F.2d at 1469.  This Court finds that logic convincing.  Moreover, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  <u>Burns</u>, 31 F.3d at 1095.  Therefore, though the amount in controversy in the instant action exceeds the jurisdictional minimum, there is not complete diversity as Defendant Little Mermaid South is a Florida citizen for purposes of diversity jurisdiction.  <u>See e.g.</u>, <u>VCR Jobs Corp. v.</u>

Heartland Commc'ns Internet Servs. Inc., 2008 WL 145163 (W.D. Ky. Jan. 14, 2008) (finding that though the corporation was dissolved at time the suit was filed, it was still citizen of Illinois as state law provided for its continuing existence to sue and be sued, thus no diversity jurisdiction); R.J. Reynolds Tobacco Co. v. Johns Manville Intern., Inc., 2001 WL 823604 (M.D.N.C. July 3, 2001) (holding that as a dissolved corporation was not immune to suit under state law, it could be considered a North Carolina citizen for purposes of diversity and thus diversity jurisdiction destroyed); Oliver v. Am. Motors Corp., 616 F. Supp. 714, 716-17 (E.D. Va. 1985) (finding lack of diversity jurisdiction where defendants included non-diverse dissolved corporation).

Accordingly, for the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1) The above-styled case is hereby **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida;

2) The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No. 07-31635.

3) The clerk shall **CLOSE** this case;

4) All pending motions are hereby denied as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this

10th day of April, 2008.


WILLIAM P. DIMITROULEAS
United States District Judge


Copies furnished to:

Donald S. Hershman, Esq.

James P. Buchholz, Esq.

Paul B. Erickson, Esq.